IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA CHEVRIER,

        Plaintiff,

vs.                                                                                                  2:16-cv-00874-LF

ANDREW SAUL,[1]
Acting Commissioner of Social Security,

        Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES**
**PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court on plaintiff Lisa Chevrier's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed on June 19, 2020. Doc. 34. The Motion seeks $19,660.25 in attorney fees under 42 U.S.C. § 406(b) for legal services rendered before the Court. The Commissioner responded on June 25, 2020 and takes no position on Ms. Chevrier's request for attorney's fees. Doc. 36. The parties have consented to me entering final judgment in this case. Docs. 4, 8, 9. Having reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised in the premises, I find the motion well taken and will GRANT it.

## I.    Procedural History

Michael Armstrong Law Office, LLC has been representing Ms. Chevrier since 2012. AR 169.[2] Ms. Chevrier first applied for Disability Insurance Benefits ("DIB") and Supplemental

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration ("SSA") on June 17, 2019 and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] Documents 12-1 through 12-52 are the sealed Administrative Record ("AR"). When citing to

Security Income ("SSI") on October 23, 2009.  AR 267–73.  The Social Security Administration ("SSA") denied her claims initially on January 14, 2010, and on reconsideration on August 19, 2010.  AR 214–26.  Ms. Chevrier requested a hearing before an ALJ.  AR 231–32.  On January 27, 2012, ALJ Ann Farris held a hearing.  AR 185–203.  ALJ Farris issued her unfavorable decision on May 23, 2012.  AR 170–184.  On July 6, 2012, Ms. Chevrier requested review by the Appeals Council.  AR 163–64.  The Appeals Council denied Ms. Chevrier's request for review on August 9, 2013.  AR 1–8.  Ms. Chevrier timely filed her appeal to this Court on October 9, 2013.  *See Chevrier v. Social Security Administration*, No. 2:13-cv-00986-SMV, Doc. 1.  The Honorable Magistrate Judge Stephen M. Vidmar remanded this case to the Commissioner on March 5, 2015.  *Id.*, Docs. 20, 21.  Judge Vidmar awarded Ms. Chevrier attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,833.20 for 36 hours of work performed in 2013, 2014, and 2015.  *Id.*, Docs. 22, 23.

On remand, ALJ Farris held a second hearing on October 20, 2015.  AR 702–37.  The ALJ issued a partially favorable decision on April 6, 2016.  AR 673–701.  Ms. Chevrier appealed the ALJ's second decision directly to this Court on July 29, 2016.[3]  Doc. 1.  Ms. Chevrier filed her Motion to Reverse and Alternatively Remand for a Rehearing, with Supporting Memorandum on February 24, 2017.  Doc. 19.  On June 2, 2017, the Commissioner filed his Unopposed Motion to Remand for Further Administrative Proceedings, voluntarily remanding

---

the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

[3] Because this Court previously remanded Ms. Chevrier's case, Ms. Chevrier was not required to seek Appeals Council review again, and the ALJ's decision stands as the final decision of the Commissioner.  *See* 20 C.F.R. § 404.984(a).  If the claimant does not file exceptions and the Appeals Council does not assume jurisdiction of the case, the ALJ's decision becomes final 61 days after it is issued.  20 C.F.R. § 404.984(b)–(d); AR 617.  The claimant then has 60 days to file an appeal to this Court.  20 C.F.R. § 404.981.

this case pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. 24.  This Court granted the motion, remanded the case, and entered a final judgment in favor of Ms. Chevrier.  Docs. 25, 26.  On September 1, 2017, Ms. Chevrier filed a motion requesting $6,362.50 in attorney's fees under the EAJA.  Doc. 29.  The parties subsequently stipulated to an EAJA fee award of $6,000.00, which the Court granted.  Docs. 30, 31.  On remand, ALJ Jeffrey N. Holappa issued a final administrative decision which was fully favorable to Ms. Chevrier.  Doc. 34-1 at 1–11 (dated September 23, 2019).  On March 14, 2020, the SSA awarded Ms. Chevrier $102,641.00[4] in back benefits.  *Id*. at 13.  The Commissioner withheld $25,660.25 from her past-due benefits to pay for attorney's fees.  *Id*.

     Ms. Chevrier contracted with attorney Michael Armstrong in 2013 to bring her first federal court appeal.  Doc. 34-1 at 26.  Mr. Armstrong continued to represent Ms. Chevrier through the second federal court appeal.  *Id.* at 27.  For each federal court appeal, Ms. Chevrier and Mr. Armstrong entered into a contingency-fee agreement providing that Ms. Chevrier would pay her attorney 25% of any back benefits in exchange for representation in federal court.  *Id*. at 26–27.  This fee would be in addition to any fee that Ms. Chevrier had agreed to pay for representation before the Administration.  *Id.*  On June 10, 2020, attorney Laura Johnson was substituted for Mr. Armstrong in this action.  Doc. 32.  In an affidavit, Mr. Armstrong explains that he is an employee of Michael Armstrong Law Office, LLC ("the firm").  Doc. 34-1 at 31.  Ms. Johnson, who filed the instant motion for fees, is the managing partner of the firm, and all proceeds from Mr. Armstrong's legal representation inure to the benefit of the firm.  *Id.*  Counsel

---

[4] Documents submitted by Ms. Chevrier show that the SSA withheld 25% of her total past due benefits, or $25,660.25.  Doc. 34-1 at 13.  The amount of back benefits is calculated from these figures:  $25,660.25 x 4 = $102,641.00.

has requested $19,660.25 for representation before this Court, which is about 19.15% of the back benefits awarded. Doc. 34 at 6.

**II.     Standard**

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court. *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both the EAJA and under § 406(b). *Id.* at 497.[5] If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant. *Id.*

Under 42 U.S.C. § 406(b)(1),

---

[5] The Tenth Circuit has explained:

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

4

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

"The tenor of 406(b) is permissive rather than mandatory.  It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971).  Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id*.  "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee."  535 U.S. 789, 798–99 (2002).  The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793.  Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.  The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

5

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

    **III.**    <u>**Analysis**</u>

First, the Court finds that Mr. Armstrong requested § 406(b) fees within a reasonable time. The ALJ issued his favorable decision on September 23, 2019, and the SSA mailed Ms. Chevrier a "Notice of Award" on March 14, 2020. Docs. 34-1 at 1–18. Ms. Johnson filed her fee motion on June 19, 2020. Doc. 34. The Court finds this to be a reasonable time.

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits. The Court finds that it does. Ms. Chevrier signed fee agreements on September 27, 2013, and on July 29, 2016. Doc. 34-1at 26–27. The Fee Agreements are identical, and each read, in pertinent part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .
>
> I understand that the federal court may order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA").  If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits.  In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

Doc. 34-1 at 26–27.  Thus, each of the fee agreements meets § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Third, having reviewed the particular facts of this case and the other federal-court case in light of the *Gisbrecht* factors, the Court finds that the requested attorney's fees are reasonable.  Mr. Armstrong obtained a fully favorable outcome for Ms. Chevrier, and he was not responsible for any appreciable delay in the resolution of the case.  Mr. Armstrong's fee request of $19,660.25, is not disproportionately large in comparison to the amount of time spent on both federal court appeals (a total of 68.5 hours, or $287.01 per hour, *see* Doc. 34–1 at 19–25[6]).  Courts have held that it is appropriate to look at the work done during the entire life of the case, including multiple appeals, in assessing whether the requested attorney's fees are reasonable.  *See Parrish v. Comm'r of Soc. Sec. Admin.,* 698 F.3d 1215, 1220 (9th Cir. 2012) ("a federal court may consider an attorney's representation of the client throughout the case in determining whether a fee award is reasonable."); and *Lopez v. Astrue,* No. 10-CV-03169-RBJ, 2015 WL 3609237, at *1 (D. Colo. June 2, 2015) ("Looking at the fees for the entire life of the case has been held to be appropriate under section 406(b).").  This award also is in line with other awards

---

[6] Two attorneys from the Michael D. Armstrong Law Offices LLC, performed work representing Ms. Chevrier in federal court, including Mr. Armstrong and Francesca MacDowell.  Doc. 34-1 at 19–25.

in this district under § 406(b). Thus, the Court's independent check finds the requested award to be both appropriate and reasonable.

IT IS THEREFORE ORDERED that the Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 34) is GRANTED. Counsel is awarded $19,660.25 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing plaintiff twice before this Court.

IT IS FURTHER ORDERED that counsel will refund to plaintiff the $6,000.00 in attorney's fees awarded under the EAJA for case 2:16-cv-00874-LF, and $2,341.29 in attorney's fees awarded under the EAJA for 2:13-cv-00986-SMV.[7] *See* 2:13-cv-00986-SMV, Doc. 23; 2:16-cv-00874-LF, Doc. 31.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent

---

[7] In 2:13-cv-00986-SMV, the Court awarded Ms. Chevrier $6,833.20 under the EAJA. Doc. 23. That amount, however, was subject to an offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B), and consequently reduced to $2,341.29. Doc. 34-1 at 32.